```
                           United States Bankruptcy Court
                           Middle District of Pennsylvania
```

In re:                                                               Case No. 16-02507-RNO
Melvin L Rummel                                                      Chapter 7
Tina Louise Rummel
        Debtors

# CERTIFICATE OF NOTICE

District/off: 0314-1          User: admin              Page 1 of 1              Date Rcvd: Sep 23, 2016
                              Form ID: 318             Total Noticed: 15

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Sep 25, 2016.
```
db/jdb         +Melvin L Rummel,    Tina Louise Rummel,    2928 Apt. A Hanover Pike,    Hanover, PA 17331-8843
4800446        +Amber Woods,    145 Dickens Drive,    Lancaster, PA 17603-8858
4800447         Ashley Rummel,    126 Hufnagle Street,    Hanover, PA 17331
4800450        +Charles R. Nell, Jr.,    PO Box 1541,    Hanover, PA 17331-7541
4800453        +PNC Mortgage,    Po Box 8703,    Dayton, OH 45401-8703
4800455        +Regional One Health,    877 Jefferson Avenue,    Memphis, TN 38103-2807
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
4800448        +E-mail/Text: bankruptcy@cavps.com Sep 23 2016 19:28:25     Calvary Portfolio Services,
                 500 Summit Lake Dr,    Ste 400,    Valhalla, NY 10595-2322
4800449        +EDI: CAPITALONE.COM Sep 23 2016 19:28:00      Capital One,    Po Box 30285,
                 Salt Lake City, UT 84130-0285
4800451        +EDI: CHASE.COM Sep 23 2016 19:28:00     Chase,    Attn: Correspondence Dept,    Po Box 15298,
                 Wilmington, DE 19850-5298
4800452        +EDI: AMINFOFP.COM Sep 23 2016 19:28:00     First Premier Bank,    601 S Minnesota Ave,
                 Sioux Falls, SD 57104-4868
4800454         EDI: PRA.COM Sep 23 2016 19:28:00     Portfolio Recovery,    Attn: Bankruptcy,    Po Box 41067,
                 Norfolk, VA 23541
4800456         E-mail/Text: philadelphia.bnc@ssa.gov Sep 23 2016 19:28:27      Social Security Admin,
                 155-10 Jamaica Ave,    Jamaica, NY 11432
4800457        +EDI: RMSC.COM Sep 23 2016 19:28:00     Synchrony Bank/Walmart,    Po Box 965064,
                 Orlando, FL 32896-5064
4800458         EDI: TFSR.COM Sep 23 2016 19:28:00     Toyota Motor,    Toyota Financial Services,    Po Box 8026,
                 Cedar Rapids, IA 52408
4800459         EDI: WFFC.COM Sep 23 2016 19:28:00     Wells Fargo Financial,    PO Box 660041,
                 Dallas, TX 75266-0041
                                                                                               TOTAL: 9
```

```
              ***** BYPASSED RECIPIENTS *****
NONE.                                                                                          TOTAL: 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 25, 2016                                  Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on September 23, 2016 at the address(es) listed below:
```
              Joshua I Goldman    on behalf of Creditor    PNC BANK, NATIONAL ASSOCIATION bkgroup@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              Steven M. Carr (Trustee)    carrtrustee@yahoo.com, pa31@ecfcbis.com
              Torren C Ecker    on behalf of Debtor Melvin L Rummel tecker@bandspc.com
              Torren C Ecker    on behalf of Joint Debtor Tina Louise Rummel tecker@bandspc.com
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                               TOTAL: 5
```

| Information to identify the case: | | | |
|---|---|---|---|
| Debtor 1 | **Melvin L Rummel** | Social Security number or ITIN | xxx–xx–0380 |
| | First Name   Middle Name   Last Name | EIN | __–_____ |
| Debtor 2 (Spouse, if filing) | **Tina Louise Rummel** | Social Security number or ITIN | xxx–xx–5402 |
| | First Name   Middle Name   Last Name | EIN | __–_____ |
| United States Bankruptcy Court   **Middle District of Pennsylvania** | | | |
| Case number:   **1:16–bk–02507–RNO** | | | |

# Order of Discharge                                               12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Melvin L Rummel                                        Tina Louise Rummel
                                                       fka Tina F. Woods

                                                       **By the court:**

September 23, 2016

                                                       *[signature: Robert N. Opel II]*

                                                       Honorable Robert N. Opel
                                                       United States Bankruptcy Judge

                                                       By: AutoDocketer, Deputy Clerk

---

**Explanation of Bankruptcy Discharge in a Chapter 7 Case**

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**
This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**
Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

**Some debts are not discharged**

Examples of debts that are not discharged are:

- debts that are domestic support obligations;

- debts for most student loans;

- debts for most taxes;

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**